[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 1, 2006
THOMAS K. KAHN
CLERK

No. 06-11153
Non-Argument Calendar

_____

BIA Nos. A79-344-054 & A79-344-055

YOLANDA CARDENAS ZULUAGA,
GONZALO LESMES CASTANEDA,
GINA PAOLA LESMES CARDENAS,
CLAUDIA YOLANDA LESMES CARDENAS,
TATIANA LESMES CARDENAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 1, 2006)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioners Yolanda Cardenas Zuluaga, her husband, Gonzalo Lesmes Castaneda, and their three children, through counsel, petition for review of the Board of Immigration Appeals ("BIA's") January 19, 2006, order denying their motion to reconsider and/or reopen its decision affirming the Immigration Judge ("IJ's") removal order. On appeal, petitioners argue that: (1) because the BIA failed to make probative findings of fact with regard to their claims in its June 30, 2005, order affirming the IJ's denial of asylum, we must review the IJ's decision; (2) they are entitled to a finding of credibility on appeal because the IJ did not make a clean determination of credibility when determining that they were ineligible for relief; and (3) the IJ erred by basing an adverse credibility conclusion upon a lack of timely corroborating evidence in light of its failure to make a clean determination of credibility.

Because the petitioners primarily assert claims that the BIA erred in affirming the IJ's decision or the IJ erred in failing to make a clean determination of credibility in their case, they appear to attempt to advance claims that the BIA erred in issuing its final order of removal. By statute, an alien seeking review of a final order of the BIA must file a petition for review within 30 days of the issuance of the final order. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). An order of removal becomes final upon, *inter alia*, the dismissal of an appeal by the BIA. *See* 8 C.F.R. § 1241.1(a). "[T]he statutory limit for filing a petition for review in an

2

immigration proceeding is 'mandatory and jurisdictional,' [and, therefore,] it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995)). The finality of a removal order is not affected by the filing of a motion to reopen or reconsider. *Stone*, 514 U.S. at 405, 115 S. Ct. at 1549.

After reviewing the record, we conclude that we do not have jurisdiction to review the BIA's underlying decision affirming the IJ's removal order because the petitioners filed their petition for review more than 30 days after the removal order became final.

In their conclusion to their brief, petitioners also argue that the BIA erred in its January 19, 2006, order denying their motion to reopen because the BIA may grant an untimely motion to reopen based on "changed circumstances." They argue that they demonstrated, in support of their motion, changed circumstances by indicating that the Columbian Armed Forces ("FARC") had increased its power in Colombia. They conclude that, based on this new evidence "submitted in" their motion to re-open, the matter should either be remanded to the BIA or their motion should be granted in the alternative.

We review the BIA's denial of a motion to reopen[1] for an abuse of discretion. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003). A party may only file one motion to reopen removal proceeding, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). Subject to certain exceptions set forth in the statute and regulations, "the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." *Id.* § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). However, the time limitation does not apply to a motion to reopen proceedings, *inter alia*, to apply or reapply for asylum or withholding of deportation "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii). We have stated that the congressional filing deadlines should be read literally by federal courts and held that the time limitations in INA § 242B(c)(3)(A)[2] were "jurisdictional and mandatory." *Anin v.*

_____

[1] Petitioners do not argue that the BIA erred in determining that their motion, construed as a motion to reconsider, was untimely, and, thus, this argument is deemed waived. *See Sepulveda v. U.S. Att'y Gen.,* 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (finding that, where a party fails to offer argument on an issue, that issue is abandoned).

[2] Repealed law that had provided the time limitation for filing *in absentia* deportation orders. *See* 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996).

4

*Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999). Further, in *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005) (citation omitted), we noted that, although the limitation in 8 C.F.R. § 1003.2(c)(2) may be subject to the doctrine of equitable tolling, "[u]nder *Anin*'s rationale, the statutory 90-day period for filing a notice of appeal is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling."

As an initial matter, because petitioners only made passing reference regarding their motion in their conclusion to their brief and did not elaborate on any argument that the BIA erred in denying that motion, we conclude that they have abandoned it on appeal. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir.1989) (concluding that issue is deemed waived where a party fails to include substantive argument and only makes a passing reference to the order appealed from); *see also Flanigan's Enterprises, Inc. of Georgia v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (concluding that a party waives an issue where he does not elaborate on or provide any citation of authority in support of the issue). However, even if the petitioners had not abandoned this issue, we are persuaded that the BIA did not abuse its discretion by denying their motion because (1) petitioners filed their motion after the time limitations for filing such motion had expired; (2) they did not attach any affidavits or evidence in support of their motion; and (3) the evidence they referred to in their motion was

5

not material to their claim to warrant an exception to the time limitations for filing a motion to reopen in the regulations. Accordingly, we dismiss the petition in part, and deny the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**